## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICK COTTON,
                Appellant,

       v.

DEPARTMENT OF THE NAVY,
                Agency.

DOCKET NUMBER
DC-3443-15-0660-I-1

DATE: November 16, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Patrick Cotton, Millersville, Maryland, pro se.

Javier L. Martinez, Esquire, and Lauren Leathers, Washington, D.C., for
    the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2      Effective April 19, 2015, the agency's Naval Systems Engineering Directorate reassigned the appellant from one division to another within the same facility.  Initial Appeal File (IAF), Tab 1 at 7.  His position remained that of a GS-14 Mechanical Engineer with no change in pay.  *Id*.  The Standard Form 50 documenting the appellant's reassignment indicated that he was reassigned pursuant to a realignment.  *Id.*

¶3      The appellant filed a Board appeal, alleging that he was reassigned after he interpreted a Naval Sea Systems Command (NAVSEA) parking policy differently than senior agency leadership, and committed "an administrative error regarding contractor parking assignments in the Washington Navy Yard."  *Id.* at 3, 5.  The administrative judge issued an acknowledgment order directing the appellant to submit evidence and argument establishing that his appeal was within the Board's jurisdiction, but did not inform him what was necessary to establish an appealable jurisdictional issue.  IAF, Tab 2 at 2-3.  In response, the appellant reiterated his argument that his reassignment was not effectuated pursuant to a bona fide realignment, but was instead an adverse action that removed him from a leadership position and affected his opportunities for advancement.  IAF, Tab 3 at 4-5, Tab 15 at 4.  He further alleged that he had identified manpower shortages in his prior division and that the agency had violated merit systems principles, committed prohibited personnel practices, and failed to comply with 5 U.S.C. § 2302(b)(12).  IAF, Tab 3 at 5, Tab 13 at 4-5, Tab 15 at 4.

¶4      After considering responses from the appellant and the agency, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing.  IAF, Tab 16, Initial Decision (ID); *see* IAF, Tab 1 at 2, Tabs 3, 7, 13-15.  He found that the Board lacked jurisdiction over the appellant's

reassignment because it did not result in a reduction in grade or pay, and the appellant did not allege that his "former supervisory position was upgraded after he was realigned." ID at 4. The administrative judge further found that the appellant had not alleged that the agency had reassigned him in retaliation for protected whistleblowing.[2] ID at 4 n.2.

¶5 The appellant has filed a timely petition for review in which he argues, among other things, that he suffered a constructive demotion and that the agency retaliated against him for protected whistleblowing. Petition for Review (PFR) File, Tab 1 at 4-5. The agency has filed a response, and the appellant has replied. PFR File, Tabs 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). As the administrative judge correctly noted in the initial decision, a reassignment without a loss of grade and pay generally is not appealable to the Board as an adverse action under 5 U.S.C. chapter 75. ID at 4; *see* 5 U.S.C. §§ 7512(3)-(4), 7513; *Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 10 (2009) (finding that, for a reassignment to fall within the Board's adverse action jurisdiction under 5 U.S.C. chapter 75, it must result in a reduction in grade or a reduction in pay). Furthermore, the appellant's claims of prohibited personnel practices and violations of the merit systems principles are not themselves independent sources of Board jurisdiction. IAF, Tab 13 at 4-5, Tab 15 at 4; PFR File, Tab 1 at 4-6, Tab 6 at 6; *see Wren v.*

---

[2] In so finding, the administrative judge noted that the appellant had cited 5 U.S.C. § 2302(b)(12) and stated that "the section cited refers to protection for whistleblowers." ID at 4 n.2. However, section 2302(b)(12) does not refer to protection for whistleblowers, but instead provides that it is a prohibited personnel practice to "take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in [5 U.S.C. § 2301]."

*Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (determining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶7        There are, however, several possible situations in which the Board may have jurisdiction to consider a challenge to a reassignment, including a constructive demotion claim and an individual right of action (IRA) appeal.  *See Inman v. Department of Veterans Affairs*, 112 M.S.P.R. 280, ¶¶ 8, 14 (2009) (finding that an appellant was entitled to a jurisdictional hearing in an IRA appeal where he raised a nonfrivolous allegation that an agency laterally reassigned him in retaliation for protected whistleblowing); *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶¶ 7-8 (2001) (explaining that the Board may have jurisdiction to consider a challenge to a reassignment in the context of a constructive demotion claim).

The appellant may have been attempting to raise a constructive demotion claim below.

¶8        The appellant contends on review that his former position was upgraded after his reassignment.[3]  PFR File, Tab 1 at 4.  While he does not appear to have

_____

[3] For the first time on review, the appellant also alleges that he applied for a lateral transfer and was not selected, which he contends demonstrates that his reassignment injured his prospects for employment.  PFR File, Tab 1 at 5.  In support of this assertion, he submits documentation that was not included in the record below, consisting of a GS-14 job posting with the agency for which he alleges that he applied but was not selected.  PFR File, Tab 1 at 5, 8, 14, Tab 6 at 6.  As the initial decision notified the appellant, the Board does not have jurisdiction over a reassignment to a position at the same grade and pay, even if the new position has fewer advancement opportunities.  ID at 4; *see Burrell v. Environmental Protection Agency*, 81 M.S.P.R. 427, ¶ 12 (1999).  Thus, the job posting that the appellant submits in the first instance on review is not material to the issue of whether the Board has jurisdiction over his appeal and does not form a basis for reversing the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); 5 C.F.R. § 1201.115(d) (same).  For the first time in his reply in support of his petition for review, the appellant also alleges that his nonselection for the position was the result of "reprisal."  PFR File, Tab 6 at 6.  To the extent that he claims that he was not

raised this allegation specifically below, he did contend below that he believed that the agency "removed [him] from a leadership position and . . . significantly affected [his] ability for advancement in the federal government." IAF, Tab 3 at 4. An employee may be deemed to have suffered an appealable constructive demotion when he is permanently reassigned from a position that is later reclassified upward due to the issuance of a new classification standard or correction of a classification error, provided that the employee meets the legal and qualification requirements for the higher-graded position. *Marcheggiani*, 90 M.S.P.R. 212, ¶¶ 7-8; *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981). Thus, it appears that the appellant may have been attempting to raise a constructive demotion claim below.

¶9      Neither the administrative judge nor the agency's submissions provided the appellant with notice on the jurisdictional requirements of a constructive demotion claim. Under these circumstances, we remand the appeal to afford the appellant jurisdictional notice and an opportunity to establish jurisdiction over his constructive demotion claim.

<u>The appellant must receive explicit notice of how to establish Board jurisdiction over an IRA appeal and notice of his burden of proof on an affirmative defense of reprisal for whistleblowing.</u>

¶10      The appellant contended below that he was reassigned after he identified manpower shortages in his prior division. IAF, Tab 3 at 5. The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B),

---

selected for the position in retaliation for protected whistleblowing, the appellant may file an IRA appeal challenging his nonselection after exhausting his administrative remedies with the Office of Special Counsel. *See* 5 U.S.C. § 2302(a)(2)(A)(i) (including a failure to appoint among the personnel actions covered by the Whistleblower Protection Enhancement Act of 2012).

(C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  Congress has defined the term "personnel action" broadly in 5 U.S.C. § 2302(a)(2)(A) to include not only adverse actions found in 5 U.S.C. chapter 75 but also other actions, including lateral reassignments.  *See* 5 U.S.C. § 2302(a)(2)(A)(iv); *see also Inman*, 112 M.S.P.R. 280, ¶¶ 8, 14.

¶11    In contrast to an IRA appeal, if an appellant raises whistleblowing as an affirmative defense in an adverse action appeal, he is not required to demonstrate exhaustion of administrative remedies before OSC.  *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 52 (2015) (noting the absence of this requirement in a removal appeal).  To prevail on an affirmative defense of whistleblower reprisal, once the agency proves its adverse action appeal by a preponderance of the evidence, the appellant must demonstrate by preponderant evidence that he made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the adverse action.  *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013); *see Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015) (recognizing that under the Whistleblower Protection Enhancement Act of 2012, an appellant may raise an affirmative defense of whistleblower retaliation based on protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D)).

¶12    We find that, in light of the liberal pleading standard for pro se appellants, the administrative judge should have interpreted the appellant's allegation below that the agency reassigned him after he disclosed manpower shortages as a potential claim that the reassignment was in retaliation for protected whistleblowing.  *See Burwell v. Department of the Army*, 78 M.S.P.R. 645, ¶¶ 2, 7-9 (1998) (finding that an appellant's allegation that he was suspended after filing a complaint regarding his position downgrade and that OSC referred him to

the Board was sufficient to require the administrative judge to provide jurisdictional notice regarding an IRA appeal); *Walters v. U.S. Postal Service*, 65 M.S.P.R. 115, 119 (1994) (holding that a pro se appellant is not required to plead issues with the precision of an attorney in a judicial proceeding).  However, based upon our review of the appellant's submissions below and on review, it is unclear whether he is attempting to raise an affirmative defense of reprisal for whistleblowing in his constructive demotion appeal or pursuing an IRA appeal alleging that the agency reassigned him in retaliation for whistleblowing, regardless of whether he suffered a constructive demotion.  IAF, Tab 3 at 5; PFR File, Tab 1 at 4-5.

¶13      The administrative judge did not inform the appellant of the elements and burdens of establishing jurisdiction over an IRA appeal.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  Furthermore, the agency's pleadings did not cure the administrative judge's failure to provide notice of what was necessary to establish jurisdiction over an IRA appeal.  IAF, Tab 2 at 2-3, Tabs 7, 12; ID;  *see Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007).  Although the agency asserted below that the appellant "has not provided any evidence showing that he has exhausted his administrative remedies with the Office of Special Counsel," IAF, Tab 7 at 6, it did not provide notice regarding any other jurisdictional elements of an IRA appeal, *id*.  Furthermore, the record below indicates that the appellant was confused by the agency's statement regarding exhaustion.  IAF, Tab 8 at 143.  The record contains an email in which the appellant asked agency counsel, "you state . . . that I have not exhausted my administrative remedies with the Office of Special Counsel . . . .  Please explain what you mean by remedies with your office." *Id*.

¶14      The administrative judge also failed to inform the appellant of his burden of proof on an affirmative defense of reprisal for whistleblowing.  *See Tierney v. Department of Justice*, 89 M.S.P.R. 354, ¶ 5 (2001) (holding that an

administrative judge also must fully apprise an appellant of his burden of proof on an affirmative defense of whistleblowing reprisal); *see also Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010) (finding that when an appellant raises an affirmative defense in an appeal by alleging facts that reasonably raise such an affirmative defense, the administrative judge must address the affirmative defense in any close of record order or prehearing conference summary and order).

¶15      On remand, the administrative judge shall inform the appellant of the burdens and elements of proof for establishing jurisdiction over an IRA appeal, including the means by which the appellant may demonstrate that he has satisfied the exhaustion requirement.   *See Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶¶ 7-8 (2006) (remanding an IRA appeal where the administrative judge failed to advise the appellant of the jurisdictional requirements of OSC exhaustion and contributing factor).   The administrative judge also shall inform the appellant of his burden of proof on an affirmative defense of whistleblower reprisal in an adverse action appeal.   *See Tierney*, 89 M.S.P.R. 354, ¶ 5.

On remand, the administrative judge shall provide the appellant with notice regarding election of remedies under 5 U.S.C. § 7121(g) and require the appellant to elect whether to pursue his claims as a constructive demotion appeal under 5 U.S.C. chapter 75 or as an IRA appeal.

¶16      Because the appellant may be attempting to challenge his reassignment through both an adverse action appeal under 5 U.S.C. chapter 75 and an IRA appeal, on remand, the administrative judge also must address the issue of election of remedies under 5 U.S.C. § 7121(g).   Under section 7121(g), an employee who claims to have suffered whistleblowing reprisal regarding an action may elect to pursue a remedy through one, and only one, of the following processes:   (1) a direct appeal to the Board under 5 U.S.C. § 7701(g); (2) a negotiated grievance procedure pursuant to 5 U.S.C. § 7121; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C.

§§ 1211-1222, i.e., an OSC complaint, potentially to be followed by an IRA appeal.  5 U.S.C. § 7121(g); *see Savage*, 122 M.S.P.R. 612, ¶ 17; *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013).  Ordinarily, whichever remedy is sought first by an aggrieved employee is deemed an election of that procedure and precludes pursuing the matter in either of the other two forums. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013); *see Agoranos*, 119 M.S.P.R. 498, ¶ 14; *see also Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶¶ 14-15 (2015) (finding that an employee's election under 5 U.S.C. § 7121(g) is binding regardless of the legal theory under which he challenges the personnel action at issue).

¶17     However, an employee's election of remedies under 5 U.S.C. § 7121(g) will not be binding if it is not knowing and informed.  *Savage*, 122 M.S.P.R. 612, ¶ 18; *Edwards*, 120 M.S.P.R. 307, ¶ 12.  When an agency takes an action without informing the appellant of his procedural options under section 7121(g) and the preclusive effect of electing one of those options, any subsequent election by the appellant is not binding.  *Edwards*, 120 M.S.P.R. 307, ¶ 12.  This principle applies equally to alleged constructive adverse actions, such as the appellant's alleged constructive demotion.  *See Savage*, 122 M.S.P.R. 612, ¶ 17.

¶18     The record does not indicate that either the agency or the administrative judge informed the appellant of the possible preclusive effect of filing an OSC complaint or an adverse action appeal with the Board.[4]  IAF, Tab 1 at 7, Tab 2.  Thus, it does not appear that, to date, the appellant has made a knowing and voluntary election to challenge his reassignment as either a constructive demotion adverse action appeal or as an IRA appeal by seeking corrective action before OSC.  *See Savage*, 122 M.S.P.R. 612, ¶ 18; *Edwards*, 120 M.S.P.R. 307, ¶ 13.  On remand, the administrative judge shall provide the appellant with notice regarding election of remedies under 5 U.S.C. § 7121(g) and the options of:  (1) having his

---

[4] Furthermore, the record contains no evidence that the appellant independently was aware of the possible preclusive effect of such an action.

claim adjudicated as a constructive demotion under 5 U.S.C. chapter 75, treating his claim of whistleblower reprisal as an affirmative defense; or (2) having his claims regarding his reassignment adjudicated as an IRA appeal.

¶19     If the appellant elects to pursue his claims as an alleged constructive demotion under 5 U.S.C. chapter 75, the administrative judge shall afford the parties an opportunity to submit evidence and argument on the issue of the Board's jurisdiction over such an appeal, and hold a jurisdictional hearing, if appropriate.    If the appellant establishes jurisdiction over his constructive demotion appeal, the administrative judge shall consider the merits of the claim, and afford the appellant the opportunity to prove his affirmative defense of whistleblower reprisal.

¶20     Alternatively, if the appellant elects to pursue his claims regarding his reassignment as an IRA appeal, the administrative judge shall afford the parties an opportunity to submit evidence and argument on the issue of the Board's jurisdiction over such an appeal, including the requirement that the appellant demonstrate exhaustion of his OSC remedy.    If the appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014).

## ORDER

¶21     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.